This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38324**

**THEODORE LUJAN,**

Plaintiff-Appellant,

v.

**LEANDREA ROMERO,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Carl J. Butkus, District Judge**

Theodore Lujan
Santa Fe, NM

for Appellant

ADC LTD NM
Charles S. Archuleta
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VARGAS, Judge.**

**{1}** Plaintiff, a self-represented inmate, appeals from the district court's order dismissing his complaint for the failure to state a claim under Rule 1-012(B)(6) NMRA. Unpersuaded by Plaintiff's docketing statement, we issued a notice of proposed summary disposition, proposing to affirm. Plaintiff has responded to our notice with a memorandum in opposition, and Defendant has filed a memorandum in support. We have considered the parties' responses and affirm the district court's dismissal.

**{2}** Our notice proposed to affirm the district court's order of dismissal on grounds that Plaintiff's claim of intentional alienation of his children's affections is not a recognized cause of action in New Mexico. [CN 2-3] We further proposed to hold that dismissal of Plaintiff's remaining claims of intentional infliction of emotional distress and loss of consortium was proper because Defendant's alleged conduct and care for Plaintiff's children in the course of her guardianship is not actionable by Plaintiff in this context, and there is no recognized, underlying tort of alienation of affections. [CN 3-4] Lastly, we observed that Plaintiff's claims appear to be an attempt to collaterally attack orders in separate litigation affecting Plaintiff's parental rights and involving Defendant's guardianship of the children. [CN 2] We noted that the current tort action is not the proper mechanism to challenge such orders and should not succeed in doing so. [CN 2]

**{3}** In response to our notice, Plaintiff complains that we made factual mistakes about the amount and type of child abuse convictions he has had, and asserts that he has not lost his parental rights. [MIO 1] Even assuming we were mistaken about these matters, they play no dispositive roles in our proposed analysis. Plaintiff also continues to complain about Defendant's intentional alienation of his children. [MIO 1] Plaintiff does not explain how he alleged recognized and supported causes of action in district court or why he can raise such claims in light of other litigation that appears to govern Defendant's guardianship of the children. As a result, Plaintiff has not demonstrated error to this Court.

**{4}** For the reasons set forth in our notice and in this opinion, we affirm the district court's order dismissing Plaintiff's claims.

**{5} IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JENNIFER L. ATTREP, Judge**